BENJAMIN B. WAGNER
United States Attorney
NIRAV K. DESAI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2716

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:11-CR-0393 LKK |
| Plaintiff, | Related Case: 2:11-cr-076 LKK |
| v. | **STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |
| ARMANDO VASQUEZ-BARRAGAN, | |
| Defendant. | Court: Hon. Lawrence Karlton |

It is hereby stipulated and agreed by and between plaintiff United States of America, on the one hand, and defendant Armando Vasquez-Barragan, on the other hand, through their respective attorneys, that:

(1) the presently set May 21, 2013, status conference shall be continued to July 2, 2013, at 9:15 a.m.; and (2) time from the date of the parties' stipulation, May 17, 2013, through, and including, July 2, 2013, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18

1

U.S.C. § 3161(h)(7)(A) and (B)(iv) and Local Codes T4
(reasonable time for defense counsel to prepare and
continuity of defense counsel).

The parties stipulate and agree that the United States has produced discovery to defense counsel and defense counsel needs additional time to review the discovery, investigate the facts, conduct legal research regarding possible defenses, and confer with his client regarding these matters. The parties have discussed settlement of the case, however, more time is needed to reduce their settlement discussions into a formal written plea agreement and then explain the ramifications of the proposed plea agreement to defendant. The task of conferring with the client is made more difficult due to the need to use a Spanish/English language interpreter to conduct communications between defense counsel and client, and the client is housed in custody outside of Sacramento. The parties also request additional time because the settlement of defendant's case is made more difficult because he is a defendant in two separate criminal prosecutions before the Court and the parties are attempting to work out a global resolution of both cases. Finally, defense counsel is unavailable to work on the instant cases for defendant for much of the time between now and July 2, 2013, due to defense counsel's work commitments on two other trials in other courts.

Based on these facts, the parties stipulate and agree that the Court shall find: (1) the trial delay and exclusion of time requested herein is necessary to provide defense counsel reasonable time to prepare defendant's defense, taking into account due diligence; (2) the continuance is needed to ensure

continuity of defense counsel; and (3) the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and defendant in a speedy trial.

Dated: May 17, 2013                  /s/ Danny Brace
                                     _____
                                     DANNY BRACE
                                     Attorney for Defendant
                                     Armando Vasquez-Barragan
                                     (per telephone authorization)

Dated: May 17, 2013                  BENJAMIN B. WAGNER
                                     UNITED STATES ATTORNEY

                                     /s/ Nirav K. Desai
                              By:    _____
                                     NIRAV K. DESAI
                                     Assistant U.S. Attorney

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence and deny defendant continuity of counsel. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, May 17, 2013, to and including the new July 2, 2013, status conference hearing date shall be excluded from computation

| | |
|---|---|
| 1 | of time within which the trial of this case must be commenced |
| 2 | under the Speedy Trial Act, pursuant to 18 U.S.C. |
| 3 | § 3161(h)(7)(A) and (B)(iv), and Local Code T4 (reasonable time |
| 4 | for defense counsel to prepare and continuity of defense |
| 5 | counsel). It is further ordered that the presently set May 21, |
| 6 | 2013, status conference shall be continued to July 2, 2013, at |
| 7 | 9:15 a.m. |

Dated: May 20, 2013

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT